VIRGINIA:   IN THE CIRCUIT COURT FOR THE COUNTY OF YORK

DAWN L. RIVERS,

    Plaintiff,

v.                                      Case No. CL10003275-00

LINCOLN BENEFIT LIFE COMPANY,

    Defendant.

## MOTION TO TRANSFER VENUE

Lincoln Benefit Life Company, by counsel, pursuant to Virginia Code § 8.01-265 moves the Court to transfer venue for the trial of this action to the Circuit Court for the County of Chesterfield and in support thereof states the following:

1.    This action is based upon a claim for insurance proceeds following the death of Brett M. Rivers.

2.    At the time of this death, Brett M. Rivers resided at 503 Kerri Cove Court, #206, Midlothian, Virginia, an apartment located within a community known as "The Park at Salisbury."

3.    At the time of the application for the insurance policy which is the subject of this action, Brett M. Rivers resided at The Park at Salisbury.

4.    The issue presented in this case involves whether or not Brett M. Rivers died as a result of suicide. All witnesses regarding the issue (with the possible exception of the plaintiff) reside in the County of Chesterfield, Virginia.

5.    The witnesses who will give testimony regarding the matters at issue in this case involve at least ten members of the Chesterfield County Police Department, three

EXHIBIT B

employees or former employees of The Park at Salisbury apartments and at least three other citizens who reside at The Park at Salisbury apartments in the County of Chesterfield, Virginia.

6. Virginia Code § 8.01-265, authorizes the Court, upon motion, and for good cause, to transfer this action to any fair and convenient forum having jurisdiction within the Commonwealth.

7. While this Court is technically a proper venue, this action should be transferred to the Circuit Court for the County of Chesterfield in order to avoid substantial inconvenience to the witnesses. Virtually all relevant witnesses either reside in Chesterfield County or are employed by Chesterfield County. The application of the policy upon which this action is based was made in Chesterfield County and the policy was delivered in Chesterfield County and the incident upon which this action is based occurred in Chesterfield County.

WHEREFORE, Lincoln Benefit Life Company, by counsel, respectfully prays the Court enter an Order transferring venue in this action to the Circuit Court for the County of Chesterfield and for such other and further relief as the Court deems appropriate.

LINCOLN BENEFIT LIFE COMPANY

By: _____
Of Counsel

Theodore I. Brenner, Esquire (VSB No. 17815)
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
P.O. Box 470
Richmond, Virginia 23218-0470
Telephone:   (804) 644-1300
Facsimile:   (804) 644-1354

## CERTIFICATE

I hereby certify that a true and accurate copy of the foregoing Motion to Transfer Venue has been furnished this 28 day of May, 2010, by United States Mail, postage prepaid, to:

Stephen A. Dunnigan, Esquire
Dunnigan & Messier, P.C.
305 Main Street
Newport News, Virginia 23601
*Counsel for Plaintiff*

VIRGINIA:   IN THE CIRCUIT COURT FOR THE COUNTY OF YORK

DAWN L. RIVERS,

    Plaintiff,

v.                                Case No. CL10003275-00

LINCOLN BENEFIT LIFE COMPANY,

    Defendant.

## ANSWER

Lincoln Benefit Life Company, by counsel, as its Answer to the "Motion for Judgment" previously filed herein states the following:

1. The allegations in paragraph 1 of the Complaint are denied. Lincoln Benefit Life Company is a Nebraska corporation with its principal place of business in Lincoln, Nebraska.

2. In response to the allegations in paragraph 2 of the Complaint, it is admitted that Lincoln Benefit Life Company issued a policy of life insurance effective September 22, 2008, insuring the life of Brett M. Rivers in the amount of $500,000.00. The remaining allegations in paragraph 2 of the Complaint are denied.

3. In response to the allegations in paragraph 3 of the Complaint, it is admitted that the named beneficiary of the policy was Dawn L. Rivers. The remaining allegations in paragraph 3 of the Complaint are denied.

4. In response to the allegations in paragraph 4 of the Complaint, it is admitted that Brett M. Rivers died as a result of an incident involving police officers on August 31, 2009.

5. In response to the allegations in paragraph 5 of the Complaint, it is admitted that by letter dated October 29, 2009, counsel for the plaintiff submitted a claim for the payment of proceeds from the policy of insurance.

6. In response to the allegations in paragraph 6 of the Complaint, Lincoln Benefit Life Company asserts that it has complied in all respects with the terms and conditions of the applicable policy. Any allegations contained in paragraph 6 to the contrary are denied.

7. The policy provides, in pertinent part

**Suicide**

If the insured dies by suicide while sane or insane within two years from the issue date of the policy:
1. We will only pay an amount equal to the premiums paid; and
2. The policy will terminate.

8. Brett M. Rivers died by suicide within two years from the issue date of the policy.

9. Lincoln Benefit Life Company has paid an amount equal to the premiums paid.

10. All allegations of the Complaint not specifically admitted above are denied.

11. Lincoln Benefit has no obligation to the plaintiff because Brett M. Rivers died by suicide while sane or insane within two years from the issue date of the policy.

12. Lincoln Benefit Life Company will rely upon all properly provable defenses to this action and reserves the right to amend this Answer if at any time it so advised.

WHEREFORE Lincoln Benefit Life Company respectfully prays the Court enter an Order dismissing this action and awarding its costs and such other and further relief as the Court deems appropriate.

LINCOLN BENEFIT LIFE COMPANY

By: _____
Of Counsel

Theodore I. Brenner, Esquire (VSB No. 17815)
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
P.O. Box 470
Richmond, Virginia 23218-0470
Telephone:   (804) 644-1300
Facsimile:   (804) 644-1354

## CERTIFICATE

I hereby certify that a true and accurate copy of the foregoing Answer has been furnished this 28 day of May, 2010, by United States Mail, postage prepaid, to:

Stephen A. Dunnigan, Esquire
Dunnigan & Messier, P.C.
305 Main Street
Newport News, Virginia 23601
*Counsel for Plaintiff*

_____